# EXHIBIT

# "A"

**THE PEARCE LAW FIRM, P.C.**
**EDITH A. PEARCE, ESQUIRE**
Attorney I.D. No. 68753
**WILLIAM J. RINGLAND, ESQUIRE**
**Attorney I.D. No. 308638**
**1701 Walnut Street, 6th Floor**
**Philadelphia, PA 19103**
**(215) 557-8686(p)**
**(215) 557-7226(f)**

MAJOR JURY MATTERS

*Filed and Attested by the Office of Judicial Records 05 Jan 2024 02:55 pm*

**Attorneys for Plaintiffs**

| | | |
|---|---|---|
| ALEXIS HARGROVE AND GLEN ELLIS, JR., INDIVIDUALLY AND AS P/N/G of G.E., A MINOR | : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| Plaintiffs, | : : | JANUARY TERM, 2024 |
| vs. | : | NO.: |
| BURLINGTON STORES, INC., et al. | : : | |
| Defendants. | : : | |

## NOTICE

### NOTICE

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objection to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you  an a judgement may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose the money or property rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP."

**PHILADELPHIA BAR ASSOCIATION**
Lawyer's Referral Service
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-6326

### AVISO

"Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demand. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL."

**PHILADELPHIA BAR ASSOCIATION**
Lawyer's Referral Service
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-6326

Case ID: 240100678

**THE PEARCE LAW FIRM, P.C.**                                   **MAJOR JURY MATTER**
**EDITH A. PEARCE, ESQUIRE**
**Attorney I.D. No. 68753**
**WILLIAM J. RINGLAND, ESQUIRE**
**Attorney I.D. No. 308638**
**1701 Walnut Street, 6ᵗʰ Floor**
**Philadelphia, PA 19103**
**(215) 557-8686(p)**
**(215) 557-7226(f)**                                          **Attorneys for Plaintiffs**

| | |
|---|---|
| ALEXIS HARGROVE AND GLEN : | COURT OF COMMON PLEAS |
| ELLIS, JR., INDIVIDUALLY AND AS : | PHILADELPHIA COUNTY |
| P/N/G of G.E., A MINOR : | |
| 7301 Coventry Avenue, Unit 503 : | |
| Elkins Park, PA 19027 : | JANUARY TERM, 2024 |
| : | |
| Plaintiffs, : | Civil Action No. |
| vs. : | |
| : | |
| BURLINGTON STORES, INC. : | |
| d/b/a BURLINGTON STORE NO. 00495 : | |
| 2006 Route 130 North : | |
| Burlington, NJ 08016 : | |
| : | |
| and : | |
| : | |
| BURLINGTON COAT FACTORY : | |
| HOLDINGS, LLC d/b/a BURLINGTON : | |
| STORE NO. 00495 : | |
| 2006 Route 130 North : | |
| Burlington, NJ 08016 : | |
| : | |
| and : | |
| : | |
| BURLINGTON COAT FACTORY : | |
| WAREHOUSE CORPORATION d/b/a : | |
| BURLINGTON STORE NO. 00495 : | |
| c/o CT Corporation System : | |
| 600 N 2nd St #401, Harrisburg, PA 17101 : | |
| : | |
| and : | |
| : | |
| BURLINGTON COAT FACTORY : | |
| DIRECT CORPORATION d/b/a : | |
| BURLINGTON STORE NO. 00495 : | |

Case ID: 240100678

c/o CT Corporation System
600 N 2nd St #401, Harrisburg, PA 17101          :
                                                 :
          and                                    :
                                                 :
BURLINGTON COAT FACTORY                          :
WAREHOUSE OF CHELTENHAM, INC.                    :
d/b/a BURLINGTON STORE NO. 00495                 :
c/o CT Corporation System                        :
600 N 2nd St #401, Harrisburg, PA 17101          :
                                                 :
          and                                    :
                                                 :
BURLINGTON COAT FACTORY OF                       :
PENNSYLVANIA, LLC                                :
d/b/a BURLINGTON STORE NO. 00495                 :
c/o CT Corporation System                        :
600 N 2nd St #401, Harrisburg, PA 17101          :
                                                 :
          and                                    :
                                                 :
SCHINDLER ELEVATOR CORPORATION                   :
c/o  CT Corporation System                       :
600 N 2nd St #401, Harrisburg, PA 17101          :
                                                 :
          and                                    :
                                                 :
EXCEL ELEVATOR & ESCALATOR                       :
CORP.                                            :
2183 Bennet Road                                 :
Philadelphia, PA 19116                           :
                                                 :
          and                                    :
                                                 :
ELEVATOR CONSTRUCTION AND                        :
REPAIR COMPANY                                   :
2040 Bennet Road                                 :
Philadelphia, PA 19116                           :
                                                 :
          and                                    :
                                                 :
3PHASE EXCEL ELEVATOR, LLC                       :
c/o  CT Corporation System                       :
600 N 2nd St #401, Harrisburg, PA 17101          :
                                                 :

and                                              :
                                                 :
ABC CORP-1                                       :
323 Old York Road, Unit B                        :
Jenkintown, PA 19046                             :
                                                 :
        and                                      :
                                                 :
ABC CORP-2                                       :
323 Old York Road, Unit B                        :
Jenkintown, PA 19046                             :
                                                 :
        and                                      :
                                                 :
ABC CORP-3                                       :
323 Old York Road, Unit B                        :
Jenkintown, PA 19046                             :
                                                 :
        and                                      :
                                                 :
ABC CORP-4                                       :
323 Old York Road, Unit B                        :
Jenkintown, PA 19046                             :
                                                 :
        and                                      :
                                                 :
ABC CORP-5                                       :
323 Old York Road, Unit B                        :
Jenkintown, PA 19046                             :
                                                 :
        and                                      :
                                                 :
ABC CORP-6                                       :
323 Old York Road, Unit B                        :
Jenkintown, PA 19046                             :
                                                 :
        and                                      :
                                                 :
ABC CORP-7                                       :
323 Old York Road, Unit B                        :
Jenkintown, PA 19046                             :
                                                 :
        and                                      :
                                                 :
ABC CORP-8                                       :

323 Old York Road, Unit B                            :
Jenkintown, PA 19046                                 :
                                                     :
            and                                      :
                                                     :
JOHN DOE-1                                           :
323 Old York Road, Unit B                            :
Jenkintown, PA 19046                                 :
                                                     :
            and                                      :
                                                     :
JOHN DOE-2                                            :
323 Old York Road, Unit B                            :
Jenkintown, PA 19046                                 :
                                                     :
            Defendants.                              :

---

## CIVIL ACTION COMPLAINT
## PERSONAL INJURY

1.      Plaintiff Alexis Hargrove is an adult individual and citizen of the Commonwealth

of Pennsylvania,  residing therein at 7301 Coventry Avenue, Unit 503, Elkins Park, PA 19027.

Plaintiff Alexis Hargrove is the parent and natural guardian of G.E., a minor.

2.      Plaintiff Glen Ellis, Jr. is an adult individual and citizen of the Commonwealth

of Pennsylvania,  residing therein at 7301 Coventry Avenue, Unit 503, Elkins Park, PA 19027.

Plaintiff Glen Ellis, Jr. is the parent and natural guardian of G.E., a minor.

3.      Defendant Burlington Stores, Inc. d/b/a Burlington Store No. 00495 is a Delaware

corporation, partnership, and/or other business entity, licensed to transact business in the

Commonwealth of Pennsylvania, and regularly conducts business in the City and County of

Philadelphia, with a principal place of business, and address for service,  at 2006 Route 130

North, Burlington, NJ .

4.      Defendant Burlington Coat Factory Holdings, LLC d/b/a Burlington Store No.

Case ID: 240100678

00495 is a Delaware corporation, partnership, and/or other business entity, licensed to transact business in the Commonwealth of Pennsylvania, and regularly conducts business in the City and County of Philadelphia, with a principal place of business, and address for service, at 2006 Route 130 North, Burlington, NJ .

5.      Defendant Burlington Coat Factory Warehouse Corporation  d/b/a Burlington Store No. 00495 is a Florida corporation, partnership, and/or other business entity, licensed to transact business in the Commonwealth of Pennsylvania, and regularly conducts business in the City and County of Philadelphia, with a registered address for service c/o CT Corporation System, 600 N. 2nd Street, #401, Harrisburg, PA 17101.

6.      Defendant Burlington Coat Factory Direct Corporation d/b/a Burlington Store No. 00495 is a New Jersey corporation, partnership, and/or other business entity, licensed to transact business in the Commonwealth of Pennsylvania, and regularly conducts business in the City and County of Philadelphia, with a registered address for service c/o CT Corporation System, 600 N. 2nd Street, #401, Harrisburg, PA 17101.

7.      Defendant Burlington Coat Factory Warehouse of Cheltenham, Inc. d/b/a Burlington Store No. 00495 is a Pennsylvania corporation, partnership, and/or other business entity, licensed to transact business in the Commonwealth of Pennsylvania, and regularly conducts business in the City and County of Philadelphia, with a registered address for service c/o CT Corporation System, 600 N. 2nd Street, #401, Harrisburg, PA 17101.

8.      Defendant Burlington Coat Factory of Pennsylvania, LLC d/b/a Burlington Store No. 00495 is a Pennsylvania corporation, partnership, and/or other business entity, licensed to transact business in the Commonwealth of Pennsylvania, and regularly conducts business in the City and County of Philadelphia, with a registered address for service

c/o CT Corporation System, 600 N. 2nd Street, #401, Harrisburg, PA 17101.

9.      Defendant Schindler Elevator Corporation is a Delaware corporation, partnership, and/or other business entity, licensed to transact business in the Commonwealth of Pennsylvania, and regularly conducts business in the City and County of Philadelphia, with a registered address for service c/o CT Corporation System, 600 N. 2nd Street, #401, Harrisburg, PA 17101.

10.     Defendant Excel Elevator & Escalator Corp. is a New York corporation, partnership, and/or other business entity, licensed to transact business in the Commonwealth of Pennsylvania, and regularly conducts business in the City and County of Philadelphia, with a registered address for service at 2183 Bennet Road, Philadelphia, PA 19116.

11.     Defendant Elevator Construction and Repair Company is a Pennsylvania corporation, partnership, and/or other business entity, licensed to transact business in the Commonwealth of Pennsylvania, and regularly conducts business in the City and County of Philadelphia, with a registered address for service at 2040 Bennet Road, Philadelphia, PA 19116

12.     Defendant 3Phase Excel Elevator, LLC is a Delaware corporation, partnership, and/or other business entity, licensed to transact business in the Commonwealth of Pennsylvania, and regularly conducts business in the City and County of Philadelphia, with a registered address for service c/o CT Corporation System, 600 N. 2nd Street, #401, Harrisburg, PA 17101.

13.     Defendant ABC Corp-1 is an 'unknown Defendant" pursuant to PA Rule of Civil Procedure 2005, used herein to designate an unknown party/business entity.  Plaintiff has made all reasonable efforts to ascertain the name of Defendant  ABC Corp-1.

14.     Defendant ABC Corp-2 is an 'unknown Defendant" pursuant to PA Rule

of Civil Procedure 2005, used herein to designate an unknown party/business entity.   Plaintiff

has made all reasonable efforts to ascertain the name of Defendant  ABC Corp-2.

15.    Defendant ABC Corp-3 is an 'unknown Defendant" pursuant to PA Rule

of Civil Procedure 2005, used herein to designate an unknown party/business entity.   Plaintiff

has made all reasonable efforts to ascertain the name of Defendant  ABC Corp-3.

16.    Defendant ABC Corp-4 is an 'unknown Defendant" pursuant to PA Rule

of Civil Procedure 2005, used herein to designate an unknown party/business entity.   Plaintiff

has made all reasonable efforts to ascertain the name of Defendant  ABC Corp-4.

17.    Defendant ABC Corp-5 is an 'unknown Defendant" pursuant to PA Rule

of Civil Procedure 2005, used herein to designate an unknown party/business entity.   Plaintiff

has made all reasonable efforts to ascertain the name of Defendant  ABC Corp-5.

18.    Defendant ABC Corp-6 is an 'unknown Defendant" pursuant to PA Rule

of Civil Procedure 2005, used herein to designate an unknown party/business entity.   Plaintiff

has made all reasonable efforts to ascertain the name of Defendant  ABC Corp-6.

19.    Defendant ABC Corp-7 is an 'unknown Defendant" pursuant to PA Rule

of Civil Procedure 2005, used herein to designate an unknown party/business entity.   Plaintiff

has made all reasonable efforts to ascertain the name of Defendant  ABC Corp-7.

20.    Defendant ABC Corp-8 is an 'unknown Defendant" pursuant to PA Rule

of Civil Procedure 2005, used herein to designate an unknown party/business entity.   Plaintiff

has made all reasonable efforts to ascertain the name of Defendant  ABC Corp-8.

21.    Defendant John Doe-1 is an adult individual and an 'unknown Defendant"

pursuant to PA Rule of Civil Procedure 2005, used herein to designate an unknown

party/individual.  Plaintiff has made all reasonable efforts to ascertain the name of Defendant

John Doe-1.

22.    Defendant John Doe-2 is an adult individual and an 'unknown Defendant"

pursuant to PA Rule of Civil Procedure 2005, used herein to designate an unknown

party/individual.  Plaintiff has made all reasonable efforts to ascertain the name of Defendant

John Doe-2.

22.    Defendant Burlington Stores, Inc. d/b/a Burlington Store No. 00495; Defendant

Burlington Coat Factory Holdings, LLC d/b/a Burlington Store No.00495; Defendant Burlington

Coat Factory Warehouse Corporation  d/b/a Burlington Store No. 00495; Defendant Burlington

Coat Factory Direct Corporation d/b/a Burlington Store No. 00495; Defendant Burlington Coat

Factory Warehouse of Cheltenham, Inc. d/b/a Burlington Store No. 00495; Defendant Burlington

Coat Factory of Pennsylvania, LLC d/b/a Burlington Store No. 00495; Defendant ABC Corp-1;

Defendant ABC Corp-2; Defendant ABC Corp-3; Defendant ABC Corp-4; and Defendant John

Doe-1, are collectively referred to herein as "Ownership Defendants".

23.    At all times relevant hereto, "Ownership Defendants",  jointly and/or severally,

owned and/or leased; and/or managed; and/or maintained; and/or controlled; and/or serviced;

and/or had responsibility of care for; and/or responsibility of maintenance for; and/or

responsibility of inspection for; the retail department store, known as Burlington Store No.

00495, located at or near 323 Old York Road, Unit B, Jenkintown, PA, 19046, including but not

limited to ownership of; and/or management responsibility of; and/or responsibility of care of;

and/or responsibility of maintenance for; and/or responsibility of inspection of; all escalators

located within said retail department store, all of which is hereinafter referred to as  the

"Premises."

24.    Defendant Schindler Elevator Corporation; Defendant Excel Elevator & Escalator

Corp.; Defendant Elevator Construction and Repair Company; Defendant 3Phase Excel

Elevator, LLC; Defendant ABC Corp-5; Defendant ABC Corp-6; Defendant ABC Corp-7;

Defendant ABC Corp-8; and Defendant John Doe-2, are collectively referred to herein as

"Contractor Defendants".

      25.    At all times material hereto, "Ownership Defendants" jointly and/or severally,

entered into a contract, and/or other agreement, with "Contractor Defendants", jointly and/or

severally, whereby "Contractor Defendants" would provide for the care and/or inspection and/or

repair and/or maintenance and/or servicing of all escalators, located the within the retail

department store, known as Burlington Store No. 00495, located at or near 323 Old York Road,

Unit B, Jenkintown, PA, 19046, which is hereinafter referred to as the "Premises."

      26.    Defendant Burlington Stores, Inc. d/b/a Burlington Store No. 00495; Defendant

Burlington Coat Factory Holdings, LLC d/b/a Burlington Store No.00495; Defendant Burlington

Coat Factory Warehouse Corporation  d/b/a Burlington Store No. 00495; Defendant Burlington

Coat Factory Direct Corporation d/b/a Burlington Store No. 00495; Defendant Burlington Coat

Factory Warehouse of Cheltenham, Inc. d/b/a Burlington Store No. 00495; Defendant Burlington

Coat Factory of Pennsylvania, LLC d/b/a Burlington Store No. 00495; Defendant ABC Corp-1;

Defendant ABC Corp-2; Defendant ABC Corp-3; Defendant ABC Corp-4; Defendant John Doe-

1; Defendant Schindler Elevator Corporation; Defendant Excel Elevator & Escalator Corp.;

Defendant Elevator Construction and Repair Company; Defendant 3Phase Excel Elevator, LLC;

Defendant ABC Corp-5; Defendant ABC Corp-6; Defendant ABC Corp-7; Defendant ABC

Corp-8; and Defendant John Doe-2, are collectively referred to herein as "All Defendants".

      27.    At all times material hereto, All Defendants, jointly and/or severally, were

responsible for providing a safe environment to all patrons and business invitees upon the

Premises, known as Burlington Store No. 00495,  including but not limited to Plaintiff Alexis

Hargrove and minor-Plaintiff G.E., who were business invitees upon the Premises.

28.     At all times material hereto, All Defendants, jointly and/or severally, possessed

and/or had under their care and responsibility the supervision, maintenance, operation,

management, custody, inspection, responsibility of service, responsibility of repair and control of

all escalators located within the Premises.

29.     At all times material hereto, All Defendants, jointly and/or severally, were

responsible for the actions/inactions of their agents, servants, workmen, independent contractors

and/or employees, and are liable for the acts and omissions of their agents, servants, workmen,

independent contractors and/or employees, as described infra, under theories of *respondeat*

*superior*, master-servant agency, and right of control.

30.     At all times material hereto, All Defendants, jointly and/or severally, individually

and/or by and through their agents, servants, workmen, independent contractors and/or employees,

were responsible for maintaining in safe condition, and good working order, all escalators located

within the Premises, for the purpose of, among other things, protecting guests and business

invitees upon the Premises, and particularly minor-Plaintiff G.E.

31.     At all times relevant hereto, All Defendants were  responsible to assure that the

Premises was free of any hazardous and dangerous conditions, including but not limited to any

hazardous and/or dangerous conditions with regard to the escalators, located within the Premises

in order to avoid injury to the business invitees and/or guests of the Premises, including but not

limited to minor-Plaintiff G.E.

32.     At all times material hereto, All Defendants were  acting through their agents,

servants workmen, employees and/or their actual, apparent, and/or ostensible agents who were

authorized and acting within the scope of their authority.

33.     On or about January 10, 2022, Plaintiff Alexis Hargrove, along with her minor-child, minor-Plaintiff G.E., were patrons and/or business invitees of "Ownership Defendants" and were shopping within the Premises known Burlington Store No. 00495, located at or near 323 Old York Road, Unit B, Jenkintown, PA, 19046.

34.     Specifically, on or about January 10, 2022, at approximately 2:00 p.m., Plaintiff Alexis Hargrove, along with her minor-child, minor-Plaintiff G.E., were utilizing an escalator, located within the Premises, when suddenly, and without warning, the escalator violently jerked to a stop, causing minor-Plaintiff G.E. to be violently thrown down the steps of the escalator, thereby sustaining serious and permanent injuries on account of which this action is being brought.

35.     At all times material hereto All Defendants, jointly and/or severally, did negligently, carelessly and recklessly provide a hazardous and dangerous environment for Plaintiff Alexis Hargrove, along with her minor-child, minor-Plaintiff G.E., in the form of a defective and/or dangerous and/or malfunctioning and/or hazardous escalator, thereby causing All Plaintiffs to suffer serious and severe damages as set forth more fully hereinafter.

36.     At all times material hereto, Plaintiff Alexis Hargrove, parent of minor-Plaintiff G.E., was in the immediate vicinity and/or 'zone of danger' of the incident giving rise to the injuries sustained by minor-Plaintiff G.E.

37.     At all times relevant hereto, including but not limited to periods well prior to the incident at issue, All Defendants, jointly and/or severally, were aware, or should have been aware, of the dangerous and/or defective and/or hazardous and/or malfunctioning condition of the escalator at issue.

38.     At all times relevant hereto, the escalator at issue was improperly serviced and/or

improperly maintained and/or improperly inspected and/or otherwise in a defective and dangerous

condition, which All Defendants knew and/or should have known about, well prior to the incident at

issue.

39.     At all times material hereto, All Defendants were responsible to assure that the

the Premises known Burlington Store No. 00495, located at or near 323 Old York Road, Unit B,

Jenkintown, PA, 19046, was free of any hazardous and dangerous conditions, in order to avoid injury

to the business invitees of the premises, particularly the Plaintiffs listed herein.

40.     The above-described incident resulted solely from the negligence, carelessness and

recklessness of All Defendants, jointly and/or severally, and was due in no manner whatsoever to any

act, or failure to act, on the part of any of the Plaintiffs.

41.     As a result of the aforesaid incident, resulting from the negligence, carelessness and

recklessness of All Defendants, jointly and/or severally, minor-Plaintiff G.E. was caused  to suffer

injuries which are serious and permanent in nature, including but not limited to: concussion; post-

concussive symptoms including vestibular and oculomotor dysfunction; post-concussive headaches;

sleep/somatic dysfunction and/or disturbance; injuries to the legs; abraisions to the legs; exacerbation

of pre-existing condition;  and various other ills and injuries which the minor-Plaintiff suffers, all or

some of which may be permanent, and all and/or some of which  he may continue to suffer for an

indefinite time into the future, including some of which have yet to be discovered.

42.     As a further result of the negligence, carelessness and recklessness of All

Defendants, minor-Plaintiff G.E. by and through his parental natural guardians, Plaintiffs Alexis

Hargrove and Glen Ellis, Jr., has incurred and will incur in the future medical expenses and/or

medical liens.

43.     As a further result of the aforesaid negligence, carelessness and recklessness of All

Case ID: 240100678

Defendants, jointly and/or severally, minor-Plaintiff G.E. by and through his parental natural guardians, Plaintiffs Alexis Hargrove and Glen Ellis, Jr., has suffered great bodily pain, disability, suffering, mental anguish, shock, depression, fear of escalators, anxiety and distress and may continue to suffer the same in the future, all to her great financial and personal detriment and loss.

44.     As a further result of the aforesaid negligence, carelessness and recklessness of All Defendants, jointly and/or severally, minor-Plaintiff G.E. by and through his parental natural guardians, Plaintiffs Alexis Hargrove and Glen Ellis, Jr., has suffered severe economic damages as set forth more particularly below.

45.     As a further result of the aforesaid negligence, carelessness and recklessness of All Defendants, jointly and/or severally, minor-Plaintiff G.E. by and through his parental natural guardians, Plaintiffs Alexis Hargrove and Glen Ellis, Jr., has been limited, affected, unable to pursue and/or unable to perform her usual activities, and/or studies and/or recreational activities which he was previously able to perform, including but not limited to play, sports, schooling, and interaction with peers.

46.     As a further result of the aforesaid negligence, carelessness and recklessness of All Defendants, jointly and/or severally, minor-Plaintiff G.E. by and through his parental natural guardians, Plaintiffs Alexis Hargrove and Glen Ellis, Jr.,  has been unable to perform and/or enjoy the normal and ordinary activities and pleasures of life, which loss of enjoyment may continue indefinitely into the future, all to her great personal detriment and loss.

47.     As a further result of the aforesaid negligence, carelessness and recklessness of All Defendants, jointly and/or severally, minor-Plaintiff G.E. by and through his parental natural guardians, Plaintiffs Alexis Hargrove and Glen Ellis, Jr., has or may hereafter incur expenses, medical bills, losses, and other damages, for which claim is herein made against All Defendants,

jointly and/or severally.

48.    As a direct result of the aforementioned accident, All Plaintiffs have or may hereafter incur additional expenses, losses, and damages which do or may exceed amounts which they may otherwise be entitled to recover, for which claim is herein made against All Defendants, jointly and/or severally.

49.    At all time material hereto, All Plaintiffs were innocent Plaintiffs.

50.    At all times material hereto, All Plaintiffs challenge the applicability and constitutionality of the Fair Share Ace, 42 Pa. C.S. 7102 and place the same at issue.

**COUNT I**
**NEGLIGENCE**

**PLAINTIFFS ALEXIS HARGROVE AND GLEN ELLIS, J.R., INDIVIDUALLY AND IN THEIR RESPECTIVE CAPACITIES AS PARENTAL NATURAL GUARDIANS OF G.E., A MINOR VS. ALL DEFENDANTS**

**JOINTLY AND/OR SEVERALLY**

51.    All Plaintiffs hereby incorporate by reference the proceeding paragraphs of this Complaint as though the same were fully set forth herein at length.

52.    The negligence, carelessness and recklessness of All Defendants, jointly and/or severally, consisted of, but is not limited to, the following:

    a.    failing to maintain the escalator at issue, including but not limited to failing to maintain any stopping mechanisms, and sensors;

    b.    permitting the escalator at issue to exist  in a condition which failed to protect and safeguard persons lawfully on said premises;

    c.    permitting the escalator at issue to become and remain defective so as to constitute a menace, danger, nuisance, and/or trap to persons lawfully upon said premises;

    d.    failing to have the escalator at issue inspected at reasonable intervals in

Case ID: 240100678

order to determine the condition of same;

e.   failing to perform a reasonable inspection that would have revealed the escalator as defective and/or would have revealed any dangerous condition thereon;

f.   failing to warn persons using said escalator of the defective and dangerous conditions thereon;

g   allowing the defect to exist on the escalator located upon said premises;

h.   disregarding the rights and safety of Plaintiffs and other persons lawfully upon said premises;

i.   failing to barricade and/or otherwise provide warnings regarding the condition of the escalator for the protection of business invitess, including but not limited to Plaintiffs.

j.   failing to provide a safe environment to patrons and business invitees, including Plaintiffs;

k.   failing to repair a damaged and/or defective escalator located within the premises;

l.   creating a trap or nuisance;

m.   creating a defective and dangerous condition;

n.   otherwise failing to exercise due care under the circumstances;

o.   otherwise being negligent and careless in causing the aforesaid accident that caused injury and harm to minor-Plaintiff G.E.

53.   The above-described incident resulted solely from the negligence, carelessness and recklessness of All Defendants, jointly and/or severally, and was due in no manner whatsoever to any act, or failure to act, on the part of any of the Plaintiffs.

54.   As a result of the aforesaid incident, resulting from the negligence, carelessness and recklessness of All Defendants, jointly and/or severally, minor-Plaintiff G.E. was caused to suffer injuries which are serious and permanent in nature, including but not limited to:

Case ID: 240100678

concussion; post-concussive symptoms including vestibular and oculomotor dysfunction; post-concussive headaches; sleep/somatic dysfunction and/or disturbance;  injuries to the legs; abrasions to the legs; exacerbation of pre-existing condition;  and various other ills and injuries which the minor-Plaintiff suffers, all or some of which may be permanent, and all and/or some of which  he may continue to suffer for an indefinite time into the future, including some of which have yet to be discovered.

55.    As a further result of the negligence, carelessness and recklessness of All Defendants, minor-Plaintiff G.E. by and through his parental natural guardians, Plaintiffs Alexis Hargrove and Glen Ellis, Jr., has incurred and will incur in the future medical expenses and/or medical liens.

56.    As a further result of the aforesaid negligence, carelessness and recklessness of All Defendants, jointly and/or severally, minor-Plaintiff G.E. by and through his parental natural guardians, Plaintiffs Alexis Hargrove and Glen Ellis, Jr., has suffered great bodily pain, disability, suffering, mental anguish, shock, depression, fear of escalators, anxiety and distress and may continue to suffer the same in the future, all to her great financial and personal detriment and loss.

57.    As a further result of the aforesaid negligence, carelessness and recklessness of All Defendants, jointly and/or severally, minor-Plaintiff G.E. by and through his parental natural guardians, Plaintiffs Alexis Hargrove and Glen Ellis, Jr., has suffered severe economic damages as set forth more particularly below.

58.    As a further result of the aforesaid negligence, carelessness and recklessness of All Defendants, jointly and/or severally, minor-Plaintiff G.E. by and through his parental natural guardians, Plaintiffs Alexis Hargrove and Glen Ellis, Jr., has been limited, affected, unable to pursue and/or unable to perform her usual activities, and/or studies and/or recreational activities

which he was previously able to perform, including but not limited to play, sports, schooling, and interaction with peers.

59.     As a further result of the aforesaid negligence, carelessness and recklessness of All Defendants, jointly and/or severally, minor-Plaintiff G.E. by and through his parental natural guardians, Plaintiffs Alexis Hargrove and Glen Ellis, Jr.,  has been unable to perform and/or enjoy the normal and ordinary activities and pleasures of life, which loss of enjoyment may continue indefinitely into the future, all to her great personal detriment and loss.

60.     As a further result of the aforesaid negligence, carelessness and recklessness of All Defendants, jointly and/or severally, minor-Plaintiff G.E. by and through his parental natural guardians, Plaintiffs Alexis Hargrove and Glen Ellis, Jr., has or may hereafter incur expenses, medical bills, losses, and other damages, for which claim is herein made against All Defendants, jointly and/or severally.

61.     As a direct result of the aforementioned accident, All Plaintiffs have or may hereafter incur additional expenses, losses, and damages which do or may exceed amounts which they may otherwise be entitled to recover, for which claim is herein made against All Defendants, jointly and/or severally.

62.     At all time material hereto, All Plaintiffs were innocent Plaintiffs.

63.     At all times material hereto, All Plaintiffs challenge the applicability and constitutionality of the Fair Share Ace, 42 Pa. C.S. 7102 and place the same at issue.

WHEREFORE, Plaintiffs Alexis Hargrove and Glen Ellis, Jr., individually and in their respective capacities as parental natural guardians of G.E., a minor, demand judgment in their favor against Defendants Burlington Stores, Inc. d/b/a Burlington Store No. 00495; Burlington Coat Factory Holdings, LLC d/b/a Burlington Store No.00495; Burlington Coat Factory

Warehouse Corporation  d/b/a Burlington Store No. 00495; Burlington Coat Factory Direct

Corporation d/b/a Burlington Store No. 00495; Burlington Coat Factory Warehouse of

Cheltenham, Inc. d/b/a Burlington Store No. 00495; Burlington Coat Factory of Pennsylvania,

LLC d/b/a Burlington Store No. 00495; ABC Corp-1; ABC Corp-2; ABC Corp-3; ABC Corp-4;

John Doe-1; Schindler Elevator Corporation; Excel Elevator & Escalator Corp.; Elevator

Construction and Repair Company; 3Phase Excel Elevator, LLC; ABC Corp-5; ABC Corp-6;

ABC Corp-7; ABC Corp-8; and John Doe-2, jointly and/or severally, in an amount **in excess** of

Fifty Thousand ($50,000.00) Dollars, together with interest and costs of suit.

## COUNT II
## NEGLIGENT SUPERVISION

### PLAINTIFFS ALEXIS HARGROVE AND GLEN ELLIS, J.R., INDIVIDUALLY AND IN THEIR RESPECTIVE CAPACITIES AS PARENTAL NATURAL GUARDIANS OF G.E., A MINOR VS. ALL DEFENDANTS

### JOINTLY AND/OR SEVERALLY

64.     All Plaintiffs hereby incorporate by reference the proceeding paragraphs of this

Complaint as though the same were fully set forth herein at length.

65.     The negligence, carelessness and recklessness of All Defendants, jointly and/or

severally, consisted of, but is not limited to, the following:

a.     failure to monitor contractors and/or agents and/or employees engaged in the inspection of and/or maintenance of and/or repair of and/or service of, escalators, located within the premises at issue,  with regard to the administration of duties assumed and assigned from Defendants;

b.     failing to identify, investigate, and take remedial and/or disciplinary action and/or measures against agents and/or employees and/or contractors who were aware of and/or concealed their failure to adequately perform their duties, thereby causing and encouraging said agents and/or employees and/or contractors to continue acting in derogation of their duties;

Case ID: 240100678

  c.  failure of employees and/or contractors and/or agents to follow established policies, procedures, directives, and instructions regarding the inspection of and/or maintenance of and/or repair of and/or service of, escalators, located within the premises at issue

  d.  failure to properly and adequately train contractors and/or agents and/or employees regarding the safe and proper inspection of and/or maintenance of and/or repair of and/or service of, escalators, located within the premises at issue

  e.  negligently entrusting the inspection of and/or maintenance of and/or repair of and/or service of, escalators, located within the premises at issue, to an employee(s) and/or contractor(s) and/or agent(s), known to have a propensity for failing properly inspect and/or maintain and/or repair and/or service, escalators.

66. The above-described incident resulted solely from the negligence, carelessness and recklessness of All Defendants, jointly and/or severally, and was due in no manner whatsoever to any act, or failure to act, on the part of any of the Plaintiffs.

67. As a result of the aforesaid incident, resulting from the negligence, carelessness and recklessness of All Defendants, jointly and/or severally, minor-Plaintiff G.E. was caused to suffer injuries which are serious and permanent in nature, including but not limited to: concussion; post-concussive symptoms including vestibular and oculomotor dysfunction; post-concussive headaches; sleep/somatic dysfunction and/or disturbance; injuries to the legs; abrasions to the legs; exacerbation of pre-existing condition; and various other ills and injuries which the minor-Plaintiff suffers, all or some of which may be permanent, and all and/or some of which he may continue to suffer for an indefinite time into the future, including some of which have yet to be discovered.

68. As a further result of the negligence, carelessness and recklessness of All Defendants, minor-Plaintiff G.E. by and through his parental natural guardians, Plaintiffs Alexis Hargrove and Glen Ellis, Jr., has incurred and will incur in the future medical expenses and/or medical liens.

69.    As a further result of the aforesaid negligence, carelessness and recklessness of All Defendants, jointly and/or severally, minor-Plaintiff G.E. by and through his parental natural guardians, Plaintiffs Alexis Hargrove and Glen Ellis, Jr., has suffered great bodily pain, disability, suffering, mental anguish, shock, depression, fear of escalators, anxiety and distress and may continue to suffer the same in the future, all to her great financial and personal detriment and loss.

70.    As a further result of the aforesaid negligence, carelessness and recklessness of All Defendants, jointly and/or severally, minor-Plaintiff G.E. by and through his parental natural guardians, Plaintiffs Alexis Hargrove and Glen Ellis, Jr., has suffered severe economic damages as set forth more particularly below.

71.    As a further result of the aforesaid negligence, carelessness and recklessness of All Defendants, jointly and/or severally, minor-Plaintiff G.E. by and through his parental natural guardians, Plaintiffs Alexis Hargrove and Glen Ellis, Jr., has been limited, affected, unable to pursue and/or unable to perform her usual activities, and/or studies and/or recreational activities which he was previously able to perform, including but not limited to play, sports, schooling, and interaction with peers.

72.    As a further result of the aforesaid negligence, carelessness and recklessness of All Defendants, jointly and/or severally, minor-Plaintiff G.E. by and through his parental natural guardians, Plaintiffs Alexis Hargrove and Glen Ellis, Jr.,  has been unable to perform and/or enjoy the normal and ordinary activities and pleasures of life, which loss of enjoyment may continue indefinitely into the future, all to her great personal detriment and loss.

73.    As a further result of the aforesaid negligence, carelessness and recklessness of All Defendants, jointly and/or severally, minor-Plaintiff G.E. by and through his parental natural guardians, Plaintiffs Alexis Hargrove and Glen Ellis, Jr., has or may hereafter incur expenses,

medical bills, losses, and other damages, for which claim is herein made against All Defendants, jointly and/or severally.

74.     As a direct result of the aforementioned accident, All Plaintiffs have or may hereafter incur additional expenses, losses, and damages which do or may exceed amounts which they may otherwise be entitled to recover, for which claim is herein made against All Defendants, jointly and/or severally.

75.     At all time material hereto, All Plaintiffs were innocent Plaintiffs.

76.     At all times material hereto, All Plaintiffs challenge the applicability and constitutionality of the Fair Share Ace, 42 Pa. C.S. 7102 and place the same at issue.

WHEREFORE, Plaintiffs Alexis Hargrove and Glen Ellis, Jr., individually and in their respective capacities as parental natural guardians of G.E., a minor, demand judgment in their favor against Defendants Burlington Stores, Inc. d/b/a Burlington Store No. 00495; Burlington Coat Factory Holdings, LLC d/b/a Burlington Store No.00495; Burlington Coat Factory Warehouse Corporation  d/b/a Burlington Store No. 00495; Burlington Coat Factory Direct Corporation d/b/a Burlington Store No. 00495; Burlington Coat Factory Warehouse of Cheltenham, Inc. d/b/a Burlington Store No. 00495; Burlington Coat Factory of Pennsylvania, LLC d/b/a Burlington Store No. 00495; ABC Corp-1; ABC Corp-2; ABC Corp-3; ABC Corp-4; John Doe-1; Schindler Elevator Corporation; Excel Elevator & Escalator Corp.; Elevator Construction and Repair Company; 3Phase Excel Elevator, LLC; ABC Corp-5; ABC Corp-6; ABC Corp-7; ABC Corp-8; and John Doe-2, jointly and/or severally, in an amount **in excess** of Fifty Thousand ($50,000.00) Dollars, together with interest and costs of suit.

**COUNT III**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

**PLAINTIFF ALEXIS HARGROVE, IN HER INDIVIDUAL CAPACITY VS. ALL DEFENDANTS**

**JOINTLY AND/OR SEVERALLY**

77.    Plaintiff Alexis Hargrove, in her individual capacity,  hereby incorporates by reference the preceding paragraphs of this Complaint as though the same were fully set forth herein at length.

78.    The above-described accident was caused solely by the negligence, carelessness and recklessness of All Defendants, as set-forth at length above.

79.    The carelessness, negligence and recklessness of All Defendants, jointly and/or severally,  as recited supra, created a highly foreseeable risk that minor-Plaintiff G.E. would sustain the kind of injuries and damages that were sustained by him.

80.    At all times material hereto Plaintiffs Alexis Hargrove was a real time witness to the direct aftermath of the injuries suffered by her minor-child, minor-Plaintiff G.E., resulting in severe emotional shock from the sensory and contemporaneous observance of the direct aftermath of the incident, resulting in Plaintiff Alexis Hargrove suffering anxiety, depression and post-traumatic stress.

81.    All Defendants, jointly and/or severally,  knew and/or reasonably should have known or foreseen that such witnessed misfeasance would result in parental anxiety, depression and post-traumatic stress reasonably suffered by Plaintiff Alexis Hargrove.

82.    As a result of the carelessness, recklessness, and negligence of All Defendants, jointly and/or severally, as recited supra, Plaintiff Alexis Hargrove has been caused to suffer

severe emotional and mental anguish and distress with physical manifestations, including anxiety, depression, feelings of failure and other emotional injuries, which resulted in physical manifestations of difficulty eating and sleeping as a result of being witness to the injurious misfeasance of All Defendants resulting in the serious and permanent injuries to minor-Plaintiff.

83.     The injuries suffered by Plaintiff Alexis Hargrove were the direct result of witnessing the carelessness, recklessness and negligence of All Defendants, and were in no manner caused by any act or omission on the part of Plaintiffs Alexis Hargrove.

84.     As a further result of the aforesaid carelessness, recklessness and negligence of All Defendants, jointly and/or severally, Plaintiffs Alexis Hargrove  has suffered great pain, disability, suffering, mental anguish, humiliation, shock, depression, and distress and will continue to suffer such into the indefinite future, all to her great personal and financial detriment and loss.

85.     As a further result of the aforesaid carelessness, recklessness and negligence of All Defendants, jointly and/or severally, Plaintiffs Alexis Hargrove has been unable to perform and/or enjoy the normal and ordinary activities and pleasures of life, including with her son, minor-Plaintiff G.E., which loss of enjoyment will continue indefinitely into the future, all to her great personal and financial detriment and loss.

WHEREFORE, Plaintiff Alexis Hargrove, in her individual capacity, demands judgment against Defendants Burlington Stores, Inc. d/b/a Burlington Store No. 00495; Burlington Coat Factory Holdings, LLC d/b/a Burlington Store No.00495; Burlington Coat Factory Warehouse Corporation  d/b/a Burlington Store No. 00495; Burlington Coat Factory Direct Corporation d/b/a Burlington Store No. 00495; Burlington Coat Factory Warehouse of Cheltenham, Inc. d/b/a Burlington Store No. 00495; Burlington Coat Factory of Pennsylvania, LLC d/b/a Burlington Store No. 00495; ABC Corp-1; ABC Corp-2; ABC Corp-3; ABC Corp-4; John Doe-1; Schindler

Elevator Corporation; Excel Elevator & Escalator Corp.; Elevator Construction and Repair

Company; 3Phase Excel Elevator, LLC; ABC Corp-5; ABC Corp-6; ABC Corp-7; ABC Corp-8;

and John Doe-2, jointly and/or severally, in an amount **in excess** of Fifty Thousand ($50,000.00)

Dollars, together with interest and costs of suit.

Respectfully submitted:

*/s/ Edith A. Pearce*
Edith A. Pearce, Esquire
*/s/William J. Ringland*
William J. Ringland, Esquire
Attorneys for Plaintiffs
THE PEARCE LAW FIRM, P.C.
1701 Walnut Street, 6th Floor
Philadelphia, PA 19103
(215) 557-8686
(215)-557-7226 (p)
eapearce@thepearcelawfirm.com
wringland@thepearcelawfirm.com

Dated: January 4, 2024

Case ID: 240100678

**VERIFICATION**

Edith A. Pearce, Esquire and William J. Ringland, Esquire, hereby state that they are the

the attorneys for the Plaintiffs in this action and further verify  that the statements made in the

foregoing Civil Action Complaint are true and correct to the best of their knowledge, information

and belief.  The undersigned understand that the statements therein are made subject to the

penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

> /s/ Edith A. Pearce
> Edith A. Pearce, Esquire
> /s/ William J. Ringland, Esquire
> Attorneys for Plaintiff
> THE PEARCE LAW FIRM, P.C.
> 1701 Walnut Street, 6th Floor
> Philadelphia, PA 19103
> (215) 557-8686 (p)
> (215) 557-7226 (f)
> eapearce@thepearcelawfirm.com
> wringland@thepearcelawfirm.com

Case ID: 240100678